| | | | |
|---|---|---|---|
| Debtor 1 | GREG  DUCHARME | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: _Western District of WA

Case number  19-43703
(If known)

# Official Form 427

# Cover Sheet for Reaffirmation Agreement                                   12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

## Part 1:  Explain the Repayment Terms of the Reaffirmation Agreement

| | |
|---|---|
| 1. Who is the creditor? | **Wells Fargo Bank N.A., d/b/a Wells Fargo Auto**<br>Name of the creditor |
| 2. How much is the debt? | On the date that the bankruptcy case is filed  $ 21,203.23<br><br>To be paid under the reaffirmation agreement  $  21,261.48<br><br>$ 613.73  per month for 44 months (if fixed interest rate) |
| 3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code  § 524(k)(3)(E).) | Before the bankruptcy case was filed 14.440 %<br><br>Under the reaffirmation agreement 14.440 %  ☒ Fixed rate<br>☐ Adjustable rate |
| 4. Does collateral secure the debt? | ☐ No<br>☒ Yes.  Describe the collateral.  2007 FORD TRUCK F350 SUPER DUTY-V8<br><br>Current market value  $ 16,350.00 |
| 5. Does the creditor assert that the debt is non dischargeable? | ☒ No<br>☐ Yes.  Attach an explanation of the nature of the debt and the basis for contending that the debt is non dischargeable. |

| | Income and expenses reported on Schedules I and J | Income and expenses stated on the reaffirmation agreement |
|---|---|---|
| 6. Using information from *Schedule I: Your Income* (Official Form 106I) and *Schedule J: Your Expenses* (Official Form 106J), fill in the amounts. | 6a. Combined monthly income from line 12 of Schedule I  $ 7829.06 | 6e. Monthly income from all sources after payroll deductions  $ 7829.06 |
| | 6b. Monthly expenses from line 22c of Schedule J  – $ 7701.00 | 6f. Monthly expenses  – $ 7701.00 |
| | 6c. Monthly payments on all reaffirmed debts not listed on Schedule J  – $ Ø | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses  – $ Ø |
| | **6d. Scheduled net monthly income**  $ 128.06<br>Subtract lines 6b and 6c from 6a.<br>If the total is less than 0, put the number in brackets. | **6h. Present net monthly income**  $ 128.06<br>Subtract lines 6f and 6g from 6e.<br>If the total is less than 0, put the number in brackets. |

7. **Are the income amounts on lines 6a and 6e different?**
   ☑ No
   ☐ Yes. Explain why they are different and complete line 10. _____

8. **Are the expense amounts on lines 6b and 6f different?**
   ☑ No
   ☐ Yes. Explain why they are different and complete line 10. _____

9. **Is the net monthly income in line 6h less than 0?**
   ☑ No
   ☐ Yes. A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10.

10. **Debtor's certification about lines 7-9**

    If any answer on lines 7-9 is *Yes*, the debtor must sign here.

    If all the answers on lines 7-9 are *No*, go to line 11.

    I certify that each explanation on lines 7-9 is true and correct.

    ✗ _____    ✗ _____
    Signature of Debtor 1        Signature of Debtor 2 (Spouse Only in a Joint Case)

11. **Did an attorney represent the debtor in negotiating the reaffirmation agreement?**
    ☐ No
    ☑ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?
        ☐ No
        ☑ Yes

## Part 2:   Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement.*

✗ *Sheri Thorne*      Date 12/27/2019
Signature                  MM / DD / YYYY

Sheri Thorne
Bankruptcy Specialist
Printed Name

Check one:
☐ Debtor or Debtor's Attorney
☑ Creditor or Creditor's Attorney

** The Creditor, or its Agent, completed Questions 1 – 5 on this form. The Debtor(s) completed the remaining questions on this form. By signing this form, the Filer is only certifying: (1) that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties; and (2) the information in Questions 1 – 5. The Filer is not certifying the accuracy of any information supplied by the Debtor(s).

☐ Presumption of Undue Hardship
☑ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement
in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
## Western District of WA

In re   GREG  DUCHARME Debtor _____   Case No.   19-43703 _____
_____   Chapter 7   _____

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and    ☒ Part D: Debtor's Statement in
    Notice to Debtor (pages 1 - 5)        Support of Reaffirmation Agreement

☒ Part B: Reaffirmation Agreement    ☐ Part E: Motion for Court Approval

☒ Part C: Certification by Debtor's Attorney

*[**Note:** Complete Part E only if debtor was not represented by an attorney during
the course of negotiating this agreement. **Note also:** If you complete Part E, you must
prepare and file Form 2400C ALT - Order on Reaffirmation Agreement.]*

**Name of Creditor:**  Wells Fargo Bank N.A., d/b/a Wells Fargo Auto _____

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the
Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1.    DISCLOSURE STATEMENT

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm:         $ 21,261.48 _____

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have
accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional
amounts which may come due after the date of this disclosure. Consult your credit agreement.*

Case Number: 19-43703

Wells Fargo Auto is a division of Wells Fargo Bank, N.A. © 2018 Wells Fargo Bank, N.A. All rights reserved.

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

~~a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.~~

~~(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.~~

~~*And/Or*~~

~~(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~

~~$_____ @ _____%;~~
~~$_____ @ _____%;~~
~~$_____ @ _____%.~~

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

~~(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.~~

--- And/Or ---

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: <u>14.44</u>% If different simple interest rates apply to different balances included in the amount reaffirmed,

Case Number: 19-43703

Wells Fargo Auto is a division of Wells Fargo Bank, N.A. © 2018 Wells Fargo Bank, N.A. All rights reserved.

the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

~~c.  If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:~~

~~The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.~~

d.  If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2007 FORD TRUCK F350 SUPER DUTY-V8 | $ 23,149.00 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

~~Your first payment in the amount of $ _____ is due on _____ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable. Please refer to your credit agreement.~~

*— Or —*

~~Your payment schedule will be: _____ (number) payments in the amount of $ _____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each ( week, month, etc.), unless altered later by mutual agreement in writing.~~

*— Or —*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

Your payment schedule will be <u>44</u> payments in monthly installments of $ <u>613.73</u> commencing on <u>11/14/2019</u> and continuing on the same day of each succeeding month.

Case Number: 19-43703

Wells Fargo Auto is a division of Wells Fargo Bank, N.A. © 2018 Wells Fargo Bank, N.A. All rights reserved.

### 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

Case Number: 19-43703

Wells Fargo Auto is a division of Wells Fargo Bank, N.A. © 2018 Wells Fargo Bank, N.A. All rights reserved.

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Case Number: 19-43703

LGL-07a_Term (09/12/18)
Wells Fargo Auto is a division of Wells Fargo Bank, N.A. © 2018 Wells Fargo Bank, N.A. All rights reserved.

**PART B: REAFFIRMATION AGREEMENT**.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement: Retail Installment Contract in the original amount of $23,149.00

Loan terms of $ 21,261.48 @ 14.44 % for $ 613.73 starting 11/14/2019

2007 FORD TRUCK F350 SUPER DUTY-V8 1FTWW31P07EA98515

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement: NONE

SIGNATURE(S):

Borrower: _Greg Ducharme_

_(signature)_

(Print Name)

_(signature)_

(Signature)

Date: _12-15-19_

Co-borrower, if also reaffirming these debts:

_____

(Print Name)

_____

(Signature)

Date: _____

Accepted by creditor:

Wells Fargo Bank N.A., d/b/a Wells Fargo Auto

_____

(Printed Name of Creditor)

PO Box 130000
Raleigh, NC 27605

(Address of Creditor)

_Sheri Thome (signature)_

(Signature)

Sheri Thome
Bankruptcy Specialis-

_____

(Printed Name and Title of Individual
Signing for Creditor)

Date of creditor acceptance:

_12/27/2019_

Case Number: 19-43703

Wells Fargo Auto is a division of Wells Fargo Bank, N.A. © 2018 Wells Fargo Bank, N.A. All rights reserved.

**B2400A/B ALT (Form 2400A/B ALT) (12/15)**
**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _Ellen Ann Brown_

Signature of Debtor's Attorney: _Ellen Ann Brown_

Date: _12-6-19_

Case Number: 19-43703

Wells Fargo Auto is a division of Wells Fargo Bank, N.A. © 2018 Wells Fargo Bank, N.A. All rights reserved.

**B2400A/B ALT (Form 2400A/B ALT) (12/15)**
**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

**[Read and complete sections 1 and 2, OR,** if the creditor is a Credit Union and
the debtor is represented by an attorney, read section 3. **Sign the appropriate
signature line(s) and date your signature. If you complete sections 1 and 2
and** your income, less monthly expenses, does not leave enough to make the
payments under this reaffirmation agreement, check the box at the top of page
1 indicating "Presumption of Undue Hardship." Otherwise, check the box at
the top of page 1 indicating "No Presumption of Undue Hardship"]**

　　　1. I believe this reaffirmation agreement will not impose an undue hardship on my
dependents or me. I can afford to make the payments on the reaffirmed debt because my
monthly income (take home pay plus any other income received) is $ *7889.06*, and my actual

current monthly expenses including monthly payments on post-bankruptcy debt and other
reaffirmation agreements total $ *7087.27*, leaving $ *741.79* to make the required payments
on this reaffirmed debt.

　　　I understand that if my income less my monthly expenses does not leave enough to
make the payments, this reaffirmation agreement is presumed to be an undue hardship on me
and must be reviewed by the court. However, this presumption may be overcome if I explain
to the satisfaction of the court how I can afford to make the payments here: _____
_____
_____ .
**(Use an additional page if needed for a full explanation.)**

　　　2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a
completed and signed reaffirmation agreement.

Signed: ___*Greg Dush*_____
　　　　(Debtor)

　　　　_____
　　　　(Joint Debtor, if any)
Date: __*12-15-19*_____

　　　　　　　　　　　— Or —
*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

　　　3. I believe this reaffirmation agreement is in my financial interest. I can afford to
make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure
Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____.
　　　　(Debtor)

　　　　_____
　　　　(Joint Debtor, if any)
Date: _____

Case Number: 19-43703

LGL-07a_Term (09/12/18)
Wells Fargo Auto is a division of Wells Fargo Bank, N.A. © 2018 Wells Fargo Bank, N.A. All rights reserved.

B2400A/B ALT (Form 2400A/B ALT) (12/15)
## PART E: MOTION FOR COURT APPROVAL
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed:_____
(Debtor)

_____
(Joint Debtor, if any)

Date: _____

Case Number: 19-43703

Wells Fargo Auto is a division of Wells Fargo Bank, N.A. © 2018 Wells Fargo Bank, N.A. All rights reserved.



# Wells Fargo Auto

## Lien and Title Information

## Lienholder

**ELT Lien ID** WFS
**Lienholder** WELLS FARGO AUTO
**Lienholder Address** PO BOX 997517
SACRAMENTO, CA 95899
**Lien Release Date**

## Vehicle and Titling Information

**VIN** 1FTWW31P07EA98515
**Title Number**
**Title State** WA
**Year** 2007
**Make** FORD
**Model** F35

**Issuance Date** 5/4/2019
**Received Date** 5/4/2019
**ELT/Paper** ELECTRONIC
**Odometer Reading**
**Branding**

**Owner 1** DUCHARME,GREGORY ROSS
**Owner 2**
**Owner Address** 1020 SPORTSMAN LN SE
OLYMPIA, WA 985139450

**Printed:** Friday, December 27, 2019 9:58:25 AM PST

‹                                                                    ›

Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| QUALITY USED CARS OF HAMILTON | GREG ROSS DUCHARME | No. |
| 400 X FIRST ST. | 1628 SPUTTEAU LN | Date: 02/28/2019 |
| HAMILTON, MT 59840 | OLYMPIA, WA 98513 | |

☐ Business, commercial or agricultural purpose Contract.

### Truth-In-Lending Disclosures

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid when you have made all scheduled payments. | The total cost of your purchase on credit, including your down payment of $3000.00 |
| 14.44 % | 8151.23 | 23149.00 | 31300.23 | 34300.23 |

Payment Schedule. Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 51 | 613.73 | MONTHLY BEGINNING 04/14/2019 |

Security: You are giving us a security interest in the Property purchased.

Late Charge: If [a] any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of $10.00.

Prepayment: If you pay off the Contract early, you will not have to pay a penalty.

Contract Provisions: You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date and prepayment refunds and penalties.

### Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2007 | FORD | F250 CREW | 4DR | 1FTSW21P07EA96515 | 53563 |
☐ New
☐ Used
☐ Demo

### Description of Trade-In
2016 FORD F250 CRW 1FT[...]

### Conditional Delivery
☐ Conditional Delivery. If checked, you agree that the following agreement regarding [...] financing ("Agreement") applies: N/A

### Itemization of Amount Financed
| | | |
|---|---|---|
| a. Price of Vehicle, excl. sales tax of | $ | 24995.00 |
| b. Service (Contract, paid to) | N/A | |
| c. Cash Price (a+b) | $ | 24995.00 |
| d. Trade-in allowance | $ | 53200.00 |
| e. Less: Amount owing, paid to (including int) | | |
| ALT | $ | 54800.00 |
| f. Net trade-in (line d, if negative, enter $0 here and enter the amount on line j) | $ | 0.00 |
| g. Cash deposit | $ | 3000.00 |
| h. Manufacturer's rebate | $ | N/A |
| i. Deferred (down) payment | $ | N/A |
| j. Other down payment (positive) | $ | N/A |
| k. Down Payment (line f+g+h+i+j) | $ | 3000.00 |
| l. Unpaid balance of Cash Price (c-k) | $ | 21995.00 |
| m. (financed) trade-in balance (see line i) | $ | 900.00 |
| n. Paid to public officials, including filing fees | $ | 55.00 |
| o. Insurance premiums paid to insurance company(ies) | $ | 199.00 |
| p. QUALITY USED CARS OF HAMILTON DOC FEE | $ | 199.00 |
| q. To | N/A | N/A |
| r. To | N/A | N/A |
| s. To | N/A | N/A |
| t. To | N/A | N/A |
| u. To | N/A | N/A |
| v. To | N/A | N/A |
| w. To | N/A | N/A |
| x. Total Other Charges/Amts Paid (lines q thru w) | $ | 1154.00 |
| y. Prepaid Finance Charge | $ | N/A |
| z. Amount Financed (l+m+n) | $ | 23149.00 |

We may retain or receive a portion of any amounts paid to others.

### Insurance Disclosures
Credit Insurance. Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). You are quoting below only the coverage you have chosen to purchase:

Credit Life:
☐ Single ☐ Joint ☐ None
Premium $ N/A Term N/A

Credit Disability:
☐ Single ☐ Joint ☐ None
Premium $ N/A Term N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, are have declined the coverage we offered.

N/A

| By: | DOB |
|---|---|
| N/A | |
| By: | DOB |
| N/A | |

Property Insurance. You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A if you get insurance from or through us, you will pay:
$ N/A of coverage. The required insurance is limited to substantial risk of loss, damage or destruction of the Property. Further insurance is optional and is not included unless checked below.

This premium is calculated as follows:
| $ N/A | Deductible, Collision Cov. | N/A |
| $ N/A | Deductible, Comprehensive | N/A |
| ☐ Fire-Theft and Combined Additional Cov | N/A |

Liability Insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.

☐ Single-Interest Insurance. You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay:
$ N/A for $ of coverage.

### Other Agreements
Payment. You promise to pay us the principal amount of $ 23149.00 plus finance charges accruing on the unpaid balance at the rate of 14.44 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the Truth-in-Lending Disclosure. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

Down Payment. You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the Itemization of Amount Financed.

Down Payment. You will make deferred down payments as set forth in your Payment Schedule.

### Voluntary Protection Plans
You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protection plans will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described plans and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ Service Contract
Term N/A
Price $ N/A
Coverage

☐ Gap Waiver or Gap Coverage
Term
Price $
Coverage

☐
Term N/A
Price $
Coverage

By: N/A Date

By: N/A Date

### Signature Notice
The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

### Signatures
Entire Agreement. Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: [signature]  Date 02/28/2019
By: _____ Date

1. **NOTICE TO THE BUYER.** Do not sign this contract before you read it or if it contains any blank spaces other than blank spaces for the serial number of the goods or other similar information and the due date of the first installment if the goods have not been delivered to you at the time you sign the contract.
2. You are entitled to an exact copy of the contract you signed.
3. Under the law, you have the right to pay off in advance the full amount due and to obtain a partial refund of the finance charge.

*By signing below, you agree to the terms of this Contract. You acknowledge that you received a completed copy of the Contract signed by the Seller and that you had a chance to read and review it before you signed it.*

Buyer [signature]  Date 02/28/2019
By: _____ Date
Seller QUALITY USED CARS OF HAMILTON
By: _____ Date 02/28/2019

Assignment. This Contract and Security Agreement is assigned to WELLS FARGO AUTO
the Assignee, phone [ ] . This assignment is made ☐ under the terms of the Assignment on page 2. ☐ The Assignment is made with recourse.
agreement made between the Seller and Assignee. ☐ under the terms of the Assignment on page 2. ☐ The Assignment is made with recourse.
[signature] 02/28/2019

**Definitions.** "Contract" refers to this Retail Installment Contract and Security Agreement. The pronouns "you" and "your" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "we", "us" and "our" refer to the Seller and any entity to which it may transfer this Contract. "Vehicle" means each motor vehicle described in the Description of Property section. "Property" means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-in-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a service charge of $30.00 to the extent permitted by law after we make any demand for payment required by law.

**Governing Law and Interpretation.** This Contract is governed by the law of Montana and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you are delinquent and in default, you agree to pay our court costs and actual and reasonable out-of-pocket expenses incurred in connection with the delinquency. You also agree to pay attorney fees not exceeding 15% of the amount due and payable under the Contract when the Contract is referred for collection to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent, but in such event you will pay us a transfer of equity fee of $30.00.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Notices

**Note.** If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle:** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

**Si compra un vehículo usado:** La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "you" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the Description of Property section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

By: ______________________ Date ______

Signature of Third Party Owner (NOT the Buyer)

## Assignment by Seller

Seller sells and assigns this Retail Installment Contract and Security Agreement (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract.

(Separate Agreement. If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:

- This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
- The statements contained in this Contract are true and correct.
- The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
- This sale was completed in accordance with all applicable federal and state laws and regulations.
- This Contract is valid and enforceable in accordance with its terms.
- The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
- This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
- A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
- The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
- Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of nonpayment or nonperformance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compromise or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

Unless otherwise indicated on page 1, this Assignment is without recourse.

With recourse. If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.